# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
(Filed: August 30, 2023)

```
* * * * * * * * * * * * *
TAMARA CHAVEZ, parent of      *      UNPUBLISHED
T.C., a minor                 *      No. 16-1479V
                              *
        Petitioner,           *
                              *      Special Master Dorsey
v.                            *
                              *      Attorneys' Fees and Costs
                              *
SECRETARY OF HEALTH           *
AND HUMAN SERVICES,           *
                              *
        Respondent.           *
* * * * * * * * * * * * *
```

Patricia A. Finn, Patricia Finn, P.C., Pearl River, NY, for petitioner.
Andrew Henning, U.S. Department of Justice, Washington, D.C., for respondent.

**DECISION ON ATTORNEYS' FEES AND COSTS[1]**

On November 9, 2016, Tamara Chavez ("petitioner"), on behalf of her minor child, T.C., filed a petition under the National Vaccine Injury Compensation Program ("Vaccine Act" or "the Program"), 42 U.S.C. § 300aa-10 et seq. (2012).[2] ("Vaccine Act"). Petitioner alleged as a result of the Pediarix (diphtheria-tetanus-acellular pertussis ("DTaP"), hepatitis B, and inactivated polio ("IPV")), pneumococcal conjugate, haemophilus influenzae type B ("Hib"), and rotavirus vaccinations administered on November 13, 2013, T.C. developed "Early Infantile Epilepsy resulting in Encephalopathy, Intractable Seizures, Gastroesophageal Reflux, Global

---

[1] This Decision will be posted on the website of the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012). **This means the Decision will be available to anyone with access to the internet.** As provided by 44 U.S.C. § 300aa-12(d)(4)B), however, the parties may object to the published Decision's inclusion of certain kinds of confidential information. Specifically, Under Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical filed or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise the whole decision will be available to the public in its current form. Id.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) ("Vaccine Act" or "the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C. §§ 300aa.

Developmental Delay [,] and Neurological Movement Disorder." Amended ("Am.") Petition at 1 (ECF No. 20). On July 19, 2022, the undersigned filed her decision finding petitioner is not entitled to compensation and dismissing petitioner's claim for insufficient proof. (ECF No. 165).

On February 15, 2023, petitioner filed an application for attorneys' fees and costs. Motion for Attorney Fees and Costs (ECF No. 168).  Petitioner requests compensation in the amount of $151,997.96, representing $132,403.70 in attorneys' fees and $19,594.26 in costs. Fees App. at 12, 13. Pursuant to General Order No. 9, counsel for petitioner warrants that no costs were personally incurred pursuit of this claim for compensation. Id at 1. Respondent filed his response on February 16, 2023, indicating that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Response at 2 (ECF No. 169). Petitioner did not file a reply thereafter. The matter is now ripe for disposition.

For the reasons discussed below, the undersigned GRANTS IN PART petitioner's motion and awards a total of $139,477.96.

### I. Discussion

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation.  42 U.S.C. § 300aa-15(e)(1). When compensation is not awarded, the special master "may" award reasonable attorneys' fees and costs "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought." Id. at §15(e)(1).  In this case, although compensation was denied, the undersigned is satisfied that the requirements of good faith and reasonable basis have been met. Respondent has also indicated that he is satisfied these requirements have been met. Accordingly, petitioner is entitled to a final award of reasonable attorneys' fees and costs.

#### a. Reasonable Attorneys' Fees

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorney's fees and costs under the Vaccine Act.  Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1349 (Fed. Cir. 2008).  Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorney's fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  Id. at 1347-58 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)).  Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings.  Id. at 1348.

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service.  See Savin v. Sec'y of Health and Human Servs., 85 Fed. Cl. 313, 316-18 (2008).  Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary."  Saxton v. Sec'y of Health and Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)).  It is "well within the special master's discretion to reduce the hours to a number that, in [her]

experience and judgment, [is] reasonable for the work done." Id. at 1522.  Furthermore, the special master may reduce a fee request sua sponte, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond.  See Sabella v. Sec'y of Health & Human Servs., 86 Fed. Cl. 201, 209 (2009).

      A special master need not engage in a line-by-line analysis of a petitioner's fee application when reducing fees.  Broekelschen v. Sec'y of Health & Human Servs., 102 Fed. Cl. 719, 729 (2011).  Special masters may rely on their experience with the Vaccine Program and its attorneys to determine the reasonable number of hours expended.  Wasson v. Sec'y of Health and Human Servs., 24 Cl. Ct. 482, 484 (Fed. Cl. Nov. 19, 1991) rev'd on other grounds and aff'd in relevant part, 988 F. 2d 131 (Fed. Cir. 1993).  Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours clamed in attorney fee requests … [v]accine program special masters are also entitled to use their prior experience in reviewing fee application."  Saxton, 3 F. 3d at 1521.

### i. Reasonable Hourly Rates

      Petitioner requests the following hourly rates for the work of counsel, Ms. Patricia Finn, $375.00 per hour for work performed in 2015 and 2016, $383.00 per hour for work performed in 2017, $396.00 per hour for work performed in 2018, $405.00 per hour for work performed in 2019, $422.00 per hour for work performed in 2020, and $444.00 per hour for work performed in 2021, and 2022. These rates require further review because they are not consistent with what Ms. Finn has previously been awarded for her Vaccine Program work. See Bohn on behalf of G.B. v. Sec'y of Health & Human Servs., No. 16-265V, 2023 WL 2364831 (Fed. Cl. Spec. Mstr. Mar. 6, 2023) (awarding Ms. Finn $316 in 2015, $328 in 2016, $340 in 2017, $352 in 2018, $365 in 2019, $378 in 2020, $400 in 2021, and $422 in 2022); Yates v. Sec'y of Health & Human Servs., No. 14-560V, 2022 WL 2441324 (Fed. Cl. Spec. Mstr. June 9, 2022) (awarding Ms. Finn $310 in 2014, $316 in 2015, $328 in 2016, $340 in 2017, $352 in 2018, $365 in 2019, and $378 in 2020). Accordingly, Ms. Finn's rates are reduced to the following consistent with her previously awarded rates; $316 per hour for work performed in 2015, $328.00 per hour for work performed in 2016, $340.00 per hour for work performed in 2017, $352.00 per hour for work performed in 2018, $365.00 per hour for work performed in 2019, $378.00 per hour for work performed in 2020, $400,00 per hour for work performed in 2021 and $422.00 per hour for work performed in 2022.

      Application of these rates results in a reduction of $12,520.00.[3]

### ii.     Reasonable Hours Expended

---

[3] $375.00 - $316 = $59.00 x 6.20 hrs = $365.80;  $375.00 - $328.00 = $47.00 x 85.65 hrs = $4,025.55
$383.00 - $340.00 = $43.00 x 28.15 hrs = $1,210.45; $396.00 - $352.00 = $44.00 x 11.20 hrs = $492.80
$405.00 - $365.00 = $40.00 x 43.10 hrs = $1,724.00; $422.00 - $378.00 = $44.00 x 31.45 hrs = $1,383.80
$444.00 - $400.00 = $44.00 x 64.65 hrs = $2,844.60; $444.00 - $422.00 = $22.00 x 21.50 hrs = $473.00

In reducing an award of fees, the goal is to achieve rough justice, and therefore a special master may take into account their overall sense of a case and may use estimates when reducing an award. See Florence v. Sec'y of Health & Human Servs., No. 15-255V, 2016 WL 6459592, at *5 (Fed. Cl. Spec. Mstr. Oct. 6, 2016) (citing Fox v. Vice, 563 U.S. 826, 838 (2011). It is well established that an application for fees and costs must sufficiently detail and explain the time billed so that a special master may determine, from the application and the case file, whether the amount requested is reasonable. Bell v. Sec'y of Health & Human Servs., 18 Cl. Ct. 751, 760 (1989); Rodriguez, 2009 WL 2568468. Petitioner bears the burden of documenting the fees and costs claimed. Id. at *8.

The undersigned has reviewed the submitted billing entries and finds the total number of hours billed to be reasonable. The billing entries accurately reflect the nature of the work performed and the undersigned does not find any of the entries to be objectionable. Respondent also has not indicated that he finds any of the entries to be objectionable either. Petitioner is therefore awarded final attorneys' fees of $119,883.70.

### b.  Attorneys' Costs

Petitioner requests a total of $19,594.26 in attorneys' costs. This amount is comprised of acquiring medical records, the Court's filing fee, postage, and work performed by petitioner's medical experts, Dr. Vera Byers and Dr. Marcel Kinsbourne. The undersigned has reviewed the requested costs and finds the majority of them to be reasonable.

Dr. Beyers requests a total amount of $12,000.00, consisting of 30 hours at $400.00 per hour. This rate has been previously awarded and shall be awarded here as well. Petitioner did not include billing records for work performed by Dr. Kinsbourne, reflecting time billed and an appropriate hourly rate. However, as Dr. Kinsbourne is an expert with extensive experience in the program, I shall award his flat rate of $2,500.00. For future, counsel is reminded that supporting documentation for any expert must be included within a request for costs.

### II.  Conclusion

Based on all of the above, the undersigned finds that it is reasonable compensate petitioner and her counsel as follows:

| Attorneys' Fees Requested | $132,403.70 |
| --- | --- |
| (Total Reduction from Billing Hours) | ($12,520.00) |
| **Total Attorneys' Fees Awarded** | **$119,883.70** |
| | |
| Attorneys' Costs Requested | $19,594.26 |
| (Reduction of Costs) | - |
| **Total Attorneys' Costs Awarded** | **$19,594.26** |
| | |
| **Total Attorneys' Fees and Costs Awarded** | **$139,477.96** |

**Accordingly, the undersigned awards $139,477.96 in attorneys' fees and costs, in the form of a check payable jointly to petitioner and petitioner's counsel, Patricia A. Finn.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this decision.[4]

**IT IS SO ORDERED.**

s/Nora Beth Dorsey
Nora Beth Dorsey
Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.